917 F.2d 98
 Fed. Sec. L. Rep. P 95,625
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
UNIFUND SAL and Tamanaco Saudi & Gulf Investment Group,
Defendants-Appellants,
Fondation Hai, Holding Protection, Ltd., Robert Rossi, and
Certain Purchasers of the Common Stock and Options
to Purchase the Common Stock of Rorer
Group, Inc., Defendants.
 Nos. 1308, 1318, 1319, 1430, Dockets 90-6093, 90-6057,
90-6091, 90-6103.
 United States Court of Appeals,
Second Circuit.
 Oct. 23, 1990.
 
 Phillippe M. Salomon, New York City (Willkie Farr & Gallagher, New York City, on the brief), for defendant-appellant Unifund SAL.
 Pamela W. Weiss, Miami, Fla. (Samuel I. Burstyn, Miami, Fla., on the brief), for defendant-appellant Tamanaco Saudi & Gulf Inv. Group.
 Thomas L. Riesenberg, Asst. Gen. Counsel, S.E.C., Washington, D.C. (Paul Gonson, Sol., Daniel L. Goelzer, Gen. Counsel, Phillip D. Parker, Assoc. Gen. Counsel, Joseph A. Franco, Susan Nash, Rada L. Potts, S.E.C., Washington, D.C., on the brief), for plaintiff-appellee.
 Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Securities and Exchange Commission petitions for rehearing of our decision of August 3, 1990, vacating in part and modifying in part a preliminary injunction issued by the District Court in this suit alleging insider trading. Securities and Exchange Commission v. Unifund SAL, 910 F.2d 1028 (2d Cir.1990). That decision, among other things, modified a freeze order imposed by the District Court, limiting the right of appellants to trade in securities accounts maintained in this country. The freeze order was imposed to enhance the prospect of collecting disgorged profits and penalties in the event that the Commission established the appellants' liability for such payments. The Commission seeks reconsideration of one aspect of our modification of the freeze order--our requirement that the freeze order, as modified, shall terminate thirty days after issuance of our mandate unless within such time the Commission advises the District Court of its readiness for immediate trial.
 
 
 2
 The Commission assumes that we intended to permit the freeze order to remain in effect until completion of discovery and that we must have considered the seven months that had elapsed since filing the complaint, plus an additional thirty days, as sufficient time for this purpose. From this premise the Commission argues that additional time is needed, particularly whatever time may be required to obtain responses from the Swiss government to a Commission request for evidence pursuant to a mutual legal assistance treaty.
 
 
 3
 Our purpose, however, was not to maintain the freeze order until completion of discovery. As we said, "[W]e do not believe that the Commission is entitled to keep even the modified order in force for whatever period of time the Commission may take to prepare for trial." 910 F.2d at 1042. Rather, in view of the Commission's "meager showing on the merits," id. at 1042-43, we concluded that the Commission would have to face the choice of either proceeding to trial rapidly with the benefit of the freeze order or preparing for trial beyond our thirty-day limit without the freeze order.
 
 
 4
 In making that ruling, we did not intend to establish any particular time period as the duration for freeze orders in subsequent insider trading cases. In fashioning preliminary relief, district courts retain ample discretion to assess all the relevant circumstances and, in those cases where the Commission has demonstrated entitlement to a freeze order, to determine the coverage, terms, and duration of that order. Based on the circumstances of this case, we concluded that thirty days beyond the date of our mandate was the outer limit of allowable discretion for the duration of a freeze order, absent the Commission's announcement of readiness for trial. We are not persuaded to modify that conclusion.
 
 
 5
 The Commission also calls to our attention that it did not intend to convey the impression at oral argument that this was the first insider trading case in which the Commission has sought relief against alleged tippees without identifying the alleged tipper, as reported in our original opinion. 910 F.2d at 1029. The Commission informs us that, on rare occasions, it has obtained a preliminary injunction in such circumstances.
 
 
 6
 The petition for rehearing is denied.